**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0549-22

FLIMON TESFAMARIAN,

     Plaintiff-Appellant,

v.

HABTE FREZGHI,

     Defendant,

and

WEST MADISON, LLC,

     Defendant/Intervenor-
     Respondent.

_____

Submitted May 20, 2024 – Decided July 12, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. C-000014-22.

Flimon Tesfamarian, appellant pro se.

Connell Foley LLP, attorneys for respondent (Patrick Joseph Hughes, of counsel and on the brief; and Yvette L. Donaldson, on the brief).

PER CURIAM

Plaintiff, Flimon Tesfamarian, appeals from the trial court's order granting third-party defendant's motion for summary judgment and dismissing his complaint for adverse possession. Having reviewed the arguments in light of the record and law, we affirm.

I.

In September 2008, Habte Frezghi[1] purchased a tax lien for property in Williamstown, New Jersey (the property) and received a tax sale certificate, which he subsequently recorded on September 15, 2008. Frezghi later obtained title to the property through final judgment by default.

In March 2021, plaintiff filed a complaint against Frezghi alleging he committed fraud, breached a verbal contract, and the implied covenant of good faith and fair dealing. Plaintiff alleged he entered into verbal agreements with Frezghi where plaintiff agreed to pay the taxes on the property, maintain it, and reside there. He also claimed they agreed to develop the property for sale and

---

[1] Frezghi, the defendant in the underlying matter, is not party to this appeal.

split the profits. He also asserted that Frezghi later agreed to transfer title of the property to plaintiff because of the substantial repairs he had completed. When plaintiff learned Frezghi intended to sell the property, he filed the complaint.

Despite the ongoing legal dispute, Frezghi sold the property to third-party defendant, West Madison, LLC on January 28, 2022, and transferred title to it by executing and delivering a sale deed conveying the property. Pursuant to the agreements with West Madison, Frezghi represented plaintiff was "unlawfully squatting" on the property and agreed to use his best efforts to ensure West Madison obtained ownership of the property free from encumbrances. West Madison recorded the deed on February 7, 2022.

During the course of the sale, Frezghi and plaintiff litigated a series of claims relating to the property that were later consolidated, including an ejectment action filed by Frezghi. In March 2022, the trial court granted West Madison's motion to intervene as of right, pursuant to Rule 4:33-1,[2] "as the

---

[2] Rule 4:33-1 provides:

> [u]pon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest,

3

current owner of the [p]roperty and real party in interest." Pertinent to this appeal, plaintiff filed a complaint one month later against West Madison, alleging it harassed him by requesting the police to remove him from the property, and claiming he had occupied the property through adverse possession because he purchased and renovated it.

West Madison filed an answer, defenses, and counterclaims for ejectment and trespass against plaintiff. Thereafter, plaintiff's complaint and West Madison's counterclaim were consolidated with the ongoing disputes involving Frezghi. Plaintiff also filed a motion to reconsider intervention of West Madison as an intervenor, which is not part of this record.

On July 18, 2022, the trial court heard oral argument on the motion, with all parties present except Frezghi, and denied plaintiff's motion to reconsider West Madison's intervention. It found, by clear and convincing evidence, West Madison was a necessary party with an interest in the property and was "an innocent third party purchaser." It also noted plaintiff had subsequently named West Madison as a defendant in a separate complaint involving the same property, which was consolidated with the ongoing litigation.

---

unless the applicant's interest is adequately represented by existing parties.

A-0549-22

After ruling on the motion, the court held a case management conference, and addressed the lack of discovery. It had previously set a discovery end date of July 10, 2022. Although West Madison served its demands for written discovery in May 2022, it had not received any responses from plaintiff or Frezghi. Plaintiff, who was self-represented, inconsistently stated he received the discovery requests but did not respond because he was awaiting the hearing, and also stated he was not sure he had been served with the requests. The court set a new discovery schedule, but specifically noted that because plaintiff and Frezghi did not serve their discovery requests by the initial deadline, they were precluded from serving new discovery demands. It ordered plaintiff to respond to the outstanding discovery demands by August 5, depositions, if any, to be completed by September 9, and any expert reports be submitted by September 30. It also explained plaintiff was required to supply West Madison with any proofs to substantiate his claims, including the proof he intended to rely upon to support his claim of ownership of the property, by the newly set deadline.

Plaintiff again failed to provide discovery responses by the deadline. On August 21, 2022, West Madison received plaintiff's purported responses, which contained uncertified answers; two out of the twenty-five requested documents; and a statement by plaintiff that he intended to produce additional documents by

5

August 30, despite the August 5 deadline. Thereafter, West Madison filed a motion for summary judgment pursuant to Rule 4:46-2. Plaintiff filed a certification in opposition on October 4, 2022.

The court granted West Madison's motion for summary judgment on the claims of ejectment and trespass and ordered plaintiff to vacate the property by October 21, 2022. The court found plaintiff had failed to provide responses to discovery demands and failed to provide proof that he had an agreement with Frezghi, or a deed, or other evidence of ownership. It noted plaintiff submitted uncertified and unsigned responses after the extended deadline had elapsed and provided incomplete documents. The court, therefore, ruled that West Madison owns the property based on the deed it had recorded in January 2022, and held that plaintiff was trespassing. It also dismissed plaintiff's claim of adverse possession pursuant to N.J.S.A. 2A:14-30, finding plaintiff had not been in actual possession of the property for thirty years, the minimum amount of time required by the statute. Lastly, the court dismissed plaintiff's complaint against Frezghi without prejudice, noting plaintiff could refile his claims against Frezghi, but not against West Madison.

A-0549-22

Following the court's order, plaintiff filed multiple orders to show cause and requests for stays pending appeal, all of which were denied. West Madison filed a writ of possession on February 6, 2023.[3]

This appeal followed.

## II.

We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Summary judgment is appropriate where the record establishes there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference," and are reviewed de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting

---

[3] The record before us does not address the status of the writ.

<u>Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

## III.

Plaintiff argues: (1) the trial court failed to consider material facts in the record, such as proof he had possession of the property through utility bills, receipts of the materials he purchased for the property's restoration, and a police report regarding a burglary that took place at the property; (2) West Madison should not have been permitted to intervene as it failed to properly serve him with notice of its motion; (3) the trial court failed to consider the disputed question of fact regarding title and his possession of the property; and (4) the court should have considered his breach of contract claim against Frezghi. Plaintiff's arguments lack support in the record. The trial court properly granted West Madison summary judgment regarding its claims of ejectment and trespass and correctly dismissed plaintiff's claim of adverse possession.

There is substantial, credible evidence that West Madison is the sole owner of the property; that evidence includes the recorded deed and the documented sale of the property. The record also establishes that by 2016, Frezghi was the sole owner of the property and the only person listed on the deed, and the January 28, 2022, bargain and sale deed from Frezghi to West

8

Madison transferred full title and ownership interests in the property. Plaintiff did not present any evidence to rebut that evidence.

It is also clear plaintiff trespassed after West Madison obtained ownership. Plaintiff testified he continued to live on the property after January 2022. In his complaint against West Madison, he alleged he occupied the property "openly, notoriously, continuously, uninterruptedly, exclusively, and adversely" since 2016, a period of six years, despite N.J.S.A. 2A:14-30's requirement of a minimum thirty-year term. Moreover, plaintiff's failure to establish the minimum term of possession required for adverse possession does not negate he admitted he occupied the land.

Plaintiff's claim that there is a material dispute regarding title of the property is belied by record. Plaintiff was given ample opportunity to demonstrate he had a colorable claim of ownership with Fregzhi, but he failed to provide evidence of a written or oral agreement, even in opposition to summary judgment. His claim that his presence on the property was enough to overcome his burden at the summary judgment phase is not supported by law. Bald assertions that are conclusive and self-serving are insufficient to defeat a summary judgment motion. See Dickson v. Cmty. Bus Lines, Inc., 458 N.J.

9

Super. 522, 533 (App. Div. 2019); <u>Ridge at Back Brook, LLC v. Klenert</u>, 437 N.J. Super. 90, 97-98 (App. Div. 2014).

Plaintiff also cites to a police report regarding a burglary at the property as evidence he previously possessed a quitclaim deed that was later stolen. However, the police report does not state that any documents were reported as stolen. Similarly, his receipts demonstrating he renovated the property and paid the utility bills are not evidence of ownership.

Lastly, plaintiff claims he was not properly served with notice of the motion to intervene because it was sent to the wrong address. We note that even if service of the motion was deficient, his claim is not sufficient to reverse summary judgment based on this record. First, plaintiff had an opportunity to raise the service issue in the intervening hearings after he learned West Madison had been joined to the litigation. Instead, he engaged in litigation against West Madison. We have recognized that a party's "conduct after being notified of the action may . . . estop the [party] from challenging the service of process." <u>Wohlegmuth v. 560 Ocean Club</u>, 302 N.J. Super. 306, 311 (App. Div. 1997).

Secondly, when he finally raised the issue in his motion to reconsider the court's order allowing West Madison's intervention, the court afforded him the opportunity to be heard on the merits. Plaintiff does not show how he was

prejudiced. Lastly, plaintiff filed a complaint against West Madison regarding the same property, which would have brought West Madison in as a party when his complaint was later consolidated with the ongoing litigation.

To the extent we have not addressed any of plaintiff's other arguments, we are satisfied they lack sufficient merit to warrant discussion in our opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION